**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10571 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00402-KJM-1 |
| v. | |
| ORION DOUGLAS MEMMOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 13, 2016[**]
San Francisco, California

Before: WALLACE, D.W. NELSON, and OWENS, Circuit Judges.

Orion Douglas Memmott, a tax attorney suspended from the practice of law,

appeals from his bench trial conviction and eighteen-month sentence for one count

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

of subscribing to a false tax document, in violation of 26 U.S.C. § 7206(1), and one count of attempted evasion of payment of tax, in violation of 26 U.S.C. § 7201. As the parties are familiar with the facts, we do not recount them here. We agree with the district court's thorough and well-reasoned order, and we affirm.

1. The evidence is sufficient to support Memmott's conviction for subscribing to a false tax document, in violation of 26 U.S.C. § 7206(1), because, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that Memmott willfully made a false statement on his IRS Form 433-A, "Collection Information Statement for Wage Earners and Self-Employed Individuals." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (same standard applies to both jury and bench trials). The district court found that Memmott willfully made two false statements on his Form 433-A, either of which alone is sufficient to sustain his conviction. *See United States v. Booth*, 309 F.3d 566, 572 (9th Cir. 2002).

First, there is sufficient evidence that Memmott falsely understated his income by listing only his Social Security income, and failing to include funds that he had misappropriated from investors.

2

Second, there is sufficient evidence that Memmott falsely stated that he did not own any real estate, despite his interest in a real property. Even though Memmott's estranged ex-wife held title to the property, the district court reasonably determined that she was his nominee because, under the totality of the circumstances, Memmott still "exercised active or substantial control over the property." *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1070 (9th Cir. 2013) (citation omitted).

2.     The evidence is also sufficient to support Memmott's conviction for attempted evasion of payment of tax, in violation of 26 U.S.C. § 7201, because, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that Memmott willfully attempted to evade paying his back taxes. *See Jackson*, 443 U.S. at 319. Memmott's false statements on the Form 433-A alone are sufficient evidence that he attempted to evade paying his back taxes. Moreover, contrary to Memmott's contention, the district court's consideration of additional acts was not a constructive amendment or variance from the superseding indictment. *See United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014).

3.     Finally, at sentencing, the district court properly determined that the "tax loss" was the entire back taxes Memmott owed rather than the value of the

3

assets he attempted to hide on the Form 433-A, which he alleges is $0, because the "object of the offense" was to evade paying that full amount.  U.S.S.G. § 2T1.1(c)(1).

**AFFIRMED**.